WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

John Doe, et al.,

          Plaintiffs,

vs.

Heritage Academy, Inc., et al.,

          Defendants.

No. CV-16-03001-PHX-SPL

**ORDER**

       Before the Court is Defendants' Motion for Case Dismissal (Doc. 127). For the reasons that follow, the request will be granted.

## I.    Background

       Plaintiffs John Doe and Reverend David Felten commenced the instant action on September 7, 2016, and filed a First Amended Complaint on November 11, 2016 (Doc. 39) against  Heritage Academy, Inc., Heritage Academy Laveen, Inc., Heritage Academy Queen Creek, Inc. (collectively "Heritage"), the members of the governing bodies of Heritage, Heritage founder and director Earl Taylor Jr., the members of the Arizona State Board for Charter Schools, the Executive Director of the Arizona State Board for Charter Schools, the Superintendent of Public Instruction, and the Director of the Arizona Department of Administration. The First Amended Complaint alleges that Doe is "an Arizona taxpayer and the parent of at least one child currently attending Heritage Academy" (Doc. 39 ¶ 50) and Felten "is the head pastor of The Fountains, a United Methodist Church in Fountain Hills, Arizona," an Arizona taxpayer, and a "parent of a

student who attends an Arizona charter school." (Doc. 39 ¶ 51.) They bring a claim for violations of the Establishment Clause of the First Amendment of the U.S. Constitution and articles of the Arizona Constitution.

On June 9, 2017, the Court dismissed Plaintiffs' First Amended Complaint with leave to amend on two grounds: (1) failure to set forth sufficient allegations of Article III standing – in part,[1] and (2) failure to comply with Rule 10(a). In doing so, the Court directed Plaintiffs to amend the complaint to include the first and last initials of Plaintiff Doe's true name. The Court also directed the parties to confer and prepare a proposed protective order to facilitate the exchange of discovery in a manner aimed at protecting against the disclosure and dissemination of the minor child's identity to the public. (Doc. 105.)

On June 22, 2017, Plaintiffs moved concurrently for reconsideration of the Court's Orders and for leave to file an amended complaint consistent with their arguments on reconsideration (Docs. 107, 108). The Court denied the motions and provided Plaintiffs with an additional opportunity to file a second amended complaint consistent with the Court's Order. (Doc. 120.) On August 1, 2017, Plaintiffs filed a Notice of Intent Not to File a Second Amended Complaint stating in relevant part:

> As plaintiffs explained in the motion for reconsideration, there is too great a risk that Doe's identity—and that of his child—will be discovered and that his child will suffer retaliation if Doe amends the complaint to add his true first and last initials. Because Doe is unwilling to take chances with his child's welfare, he hereby notifies the Court that he will not be filing a second amended complaint that includes his first and last initials.

(Doc. 122.)

On August 18, 2017, Plaintiffs filed a Notice of Interlocutory Appeal of the Court's Orders. (Doc. 126; 9th Cir. No. 17-16703.) The same day, Defendants moved for

---

[1]     The Court dismissed with leave to amend: (1) Plaintiff Felton; (2) Defendant Director of the Department of Administration; (3) the claim against Defendant Superintendent of Public Instruction seeking a prohibitory injunction as to certification of apportionment of public funds; and (4) the claim against the Arizona State Board for Charter Schools defendants seeking a mandatory injunction as to *all* sponsored charters.

dismissal based on Plaintiffs' failure to file a Second Amended Complaint. (Docs. 125, 127.) Plaintiffs filed a response opposing dismissal, stating that "[f]or the reasons stated in Doe's briefing (*see* Dkt. 3 at 3-12, Dkt. 53 at 3-9, Dkt. 107 at 13-17), Doe should have been permitted to proceed under a pseudonym and should not have been put to the untenable choice between surrendering his anonymity by disclosing his true initials and forgoing his lawsuit." (Doc. 130.)

In turn, the Court ordered Plaintiffs to show cause as to why it "should not dismiss this case for failure to comply with the Court's Orders, or in the alternative, take Plaintiffs' election not to amend the complaint at face value and enter a final judgment dismissing this case in its entirety with prejudice." (Doc. 133.) In doing so, the Court stated:

> While Plaintiffs' interlocutory appeal does not divest this Court of jurisdiction, Plaintiffs' express election not to file an amended complaint has left the Court without any operative action on which to proceed. Plaintiffs did not notice an intent to stand on their pleading with regard to their taxpayer allegations. And while Plaintiffs oppose dismissal, they have not moved to stay this proceeding pending appeal, nor have they expressed an intent to reserve the right to pursue their claims in Doe's true initials should they not prevail on appeal. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (noting that "[r]equiring plaintiffs to obtain a final decision dismissing their case prior to appellate review of the anonymity question would place plaintiffs in a Catch–22... if they lose on appeal of the anonymity issue, they will have lost the option to pursue their [] claims under their real names because the district court will have already entered a final judgment dismissing the case"); *but see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so— is properly met with the sanction of a Rule 41(b) dismissal. Where, however, the plaintiff makes an affirmative choice not to amend, and *clearly communicates that choice* to the court, there has been no disobedience to a court's order to amend") (emphasis added).

(Doc. 133.) In response,

> Plaintiffs John Doe and the Reverend David Felten confirm that their Notice of Intent Not to File a Second Amended Complaint (Dkt. 122), filed August 1, 2017, applies to all

> claims and is intended to communicate clear intent not to propose further amendments following the Court's denial of Plaintiffs' motion to file a Second Amended Complaint.
>
> In addition, Plaintiffs respectfully submit that Doe's use of a pseudonym would not prejudice Defendants under an attorney-eyes-only protective order. But the injuries to Doe and his child or children are ongoing and any delay in these proceedings also increases the chances that Doe's child or children will graduate before the merits are heard, possibly rendering this case moot. Therefore, Doe requests that the Court allow the case to proceed on the merits while the collateral appeal is pending. Doe does not request a stay pending appeal because he cannot and will not expose his child or children to harm by proceeding using his true first and last initials.

(Doc. 134.)

## II. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The district court also has the inherent power to dismiss a case for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) (recognizing that even though the language of Rule 41(b) requires a motion, the district court has *sua sponte* power to dismiss for failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to comply with local rules is a proper ground for dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with an order of the court); *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990). Failure to amend a complaint within the time set by a court order dismissing a complaint with leave to amend may warrant dismissal of the case pursuant to Rule 41(b). *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

4

to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

### III. Discussion

Having considered the above factors, the Court concludes that dismissal under Rule 41(b) is warranted. While public policy favors disposition of cases on their merits, that factor is outweighed by Plaintiffs' failure to comply with the Court's Orders and prosecute this case. *See Pagtalunan*, 291 F.3d at 643; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999); *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1452 (9th Cir. 1994) ("the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure") (internal quotation omitted). To date, Plaintiffs have not filed a second amended complaint nor presented a proposed protective order as directed by the Court. In response to Defendants' request for dismissal, Plaintiffs do not address why they oppose dismissal, and instead, merely reiterate their disagreement with the Court's rulings. Similarly, in response to the Court's Order, Plaintiffs do not address why this action should not be dismissed as directed by the Court, and merely request that this case proceed on the merits. Plaintiffs' failure to file an amended pleading or to pursue any other constructive action in response to the Court's rulings has brought this case to a standstill. This strategy of inaction frustrates the public's interest in expeditious resolution of the litigation, impedes the Court's ability to manage its docket, and prejudices Defendants who are prevented from reaching a resolution on the lawsuit pending against them.

The Court observes[2] the Ninth Circuit's general principal that where a plaintiff makes an affirmative choice not to amend, claims should be dismissed with prejudice under Rule 12(b) rather than under Rule 41(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). In this instance however, this rule is inapplicable. First,

---

[2] Plaintiffs have not requested a final judgment consistent with *Edwards*, *infra,* nor have otherwise addressed this issue despite having been prompted to do so by the Court.

the Court's ruling dismissing the First Amended Complaint with leave to amend did not reach the merits of Plaintiffs' claims. *Cf. Edwards,* 356 F.3d at 1065 (observing that "conversion of a 12(b)(6) dismissal into one under Rule 41(b)… when the plaintiff has informed the court of her decision not to amend…would… unjustly deny plaintiffs, like Edwards, who exercise their right to stand on a complaint their right to an appeal on the merits of the question whether the complaint is adequate as a matter of law"). Rather, the Court's determination dismissing the First Amended Complaint with leave was separate from the merits of the underlying constitutional claims - which have yet to be adjudicated. Indeed, the collateral order doctrine has been extended to allow interlocutory review under these circumstances. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (reasoning that "[i]f plaintiffs amend their complaint to state their true names, plaintiffs will lose the opportunity to have the anonymity question decided by an appellate court. Plaintiffs could obtain immediate review by not amending their complaint and instead allowing the district court to enter a final judgment. But if they lose on appeal of the anonymity issue, they will have lost the option to pursue their [] claims under their real names because the district court will have already entered a final judgment dismissing the case."). Second, while Plaintiffs have noticed their election not to amend, they have not "*clearly* communicated" that choice. *Edwards*, 356 F.3d at 1065. In response to the Court's Order, Plaintiffs do not clarify whether they desire the entry of a final appealable judgment. Instead, Plaintiffs expressly state that they seek to continue to litigate their claims in this Court. *Cf. Edwards*, 356 F.3d at 1061 ("Edwards filed an 'Election to Stand Upon the Sufficiency of Amended Complaint Pleadings' indicating her desire to 'expedite an appeal' to [the Ninth Circuit]").

Plaintiffs have assumed an untenable position that makes the adjudication of this case impossible. Plaintiffs effectively ask, without citing any legal reasoning or supporting authority, that this Court disregard its Orders and proceed with business as usual. The Court declines to find authority or manufacture reasoning to support such an approach when Plaintiffs have failed to make any attempt to do so themselves. Plaintiffs

oppose dismissal, but have not pursued any remedy with this Court in order to facilitate the continued prosecution of this case or to safeguard their interests pending the appeal. "Doe requests that the Court allow the case to proceed on the merits while the collateral appeal is pending" (Doc. 134), yet does not identify any mechanism by which continued litigation of this action should be accomplished. Plaintiffs decline to seek a stay pending appeal. (Doc. 134.) Similarly, Plaintiffs respond that "Doe's use of a pseudonym would not prejudice Defendants under an attorney-eyes-only protective order," yet no such order has been proposed to the Court and Plaintiffs do not state with any clarity as to whether they will comply with the Court's Order and disclose Doe's true identity to Defendants. In fact, the record on appeal suggests that at this juncture, Plaintiffs will oppose disclosure. *See* 9th Cir. No. 17-16703, Dkt. 16 at 5 (Sep. 13, 2017) ("[r]evealing that information now would undermine the whole point of this appeal because it would go a long way toward specifically identifying Doe's child/children"). This case remains indefinitely stalled, and Plaintiffs' ongoing inaction demonstrates that dismissal under Rule 41(b) is warranted; undertaking any lesser measure would be unavailing. While dismissal itself is a drastic sanction, dismissal without prejudice is available and appropriate in this case. Accordingly,

**IT IS ORDERED:**

1. That Defendant's Motion (Doc. 127) is **granted**;

2. That this case is **dismissed without prejudice** in its entirety pursuant to Fed. R. Civ. P. 41(b); and

3. That the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 31st day of October, 2017.

Honorable Steven P. Logan
United States District Judge